# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| CARLOS VASQUEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:15-CV-398-TLS |
| ) | |
| CATERPILLAR LOGISTICS, INC., and ) | |
| EA STAFFING SERVICE, INC., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

The Plaintiff, Carlos Vasquez, filed a Complaint [ECF No. 1] against the Defendants Caterpillar Logistics, Inc., and EA Staffing Service, Inc., alleging the following claims: race and sex discrimination under Title VII of the Civil Rights Act of 1964 (Counts I and II); race discrimination under 42 U.S.C. § 1981 (Count III); and age discrimination under the Age Discrimination in Employment Act (ADEA) (Count IV). This matter is before the Court on a Motion to Dismiss [ECF No. 6], filed by EA Staffing on February 19, 2016. EA Staffing argues that Counts I, II and IV must be dismissed because the Plaintiff's Equal Employment Opportunity Commission (EEOC) Charge of Discrimination [ECF No. 6-2] only lists Caterpillar as a discriminating party; and therefore, the Plaintiff has failed to exhaust his administrative remedies.[1] For the reasons stated in this Opinion and Order, the Court will grant the Motion to Dismiss.

---

[1] The Motion to Dismiss [ECF No. 6] is limited to Counts I, II, and IV against EA Staffing, as it does not address Count III against EA Staffing or Counts I–IV against Caterpillar.

## BACKGROUND

According to the Complaint, the Plaintiff, a 54-year-old African American, began his employment with Caterpillar in October 2014, when he was assigned to Caterpillar by Mark Stayer, an employee of EA Staffing. The Plaintiff alleges that on February 18, 2015, EA Staffing Associate John Preston terminated his employment with Caterpillar after the Plaintiff's supervisor at Caterpillar informed "superiors . . . as well as EA Staffing management, that [the Plaintiff] was 'not someone who we would want to hire onto the company[,]' and that 'we would be better off cutting tires [sic] with [the Plaintiff] at this point.'" (Compl. 4.) The Plaintiff alleges that Caterpillar and EA Staffing discriminated against him on the basis of race, sex, and age.

The Plaintiff also asserts that, prior to filing suit, he exhausted his administrative remedies, as required by 42 U.S.C. § 2000e–5(f)(1):

> [The Plaintiff] satisfied his obligation to exhaust administrative remedies, having timely filed Charge No. 470-2015-02724, alleging discrimination on the bases of race, color and age, with the Equal Employment Opportunity Commission, receiving a Notice of Right to Sue on November 28, 2015, and by commencing this action within ninety days of the receipt thereof.

(*Id.* at 2.) However, on the Plaintiff's Charge of Discrimination, only "Caterpillar Logistics" is listed in the box identifying "the Employer, Labor Organization, Employment Agency . . . [t]hat I Believe Discriminated Against Me or Others."

EA Staffing filed its Motion to Dismiss [ECF No. 6], along with a Brief in Support [ECF No. 7] on February 19, 2016. The Plaintiff filed a Response [ECF No. 16] on March 15, 2016; and EA Staffing filed a Reply [ECF No. 17] on March 25, 2016. This matter is now fully briefed and ripe for ruling.

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim, Fed. R. Civ. P. 12(b)(6), must be decided solely on the face of the complaint and from any attachments included in the complaint. *Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010); *see also* Fed. R. Civ. P. 10(c) (documents attached to complaint are considered part of the complaint). Pursuant to Rule 12(d), a motion to dismiss for failure to state a claim that includes matters outside of the pleadings must be treated as a motion for summary judgment under Rule 56. *See, e.g.*, *Miller*, 600 F.3d at 733; *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). However, a court is not required to convert a motion to dismiss to a motion for summary judgment if the additional documents it considers are referenced in the complaint and are central to the claim. *Citadel Grp. v. Wash. Reg'l Med. Ctr.*, 692 F.3d 580, 591 (7th Cir. 2012). "Such documents may permit the court to determine that the plaintiff is not entitled to judgment." *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010) (citing *Hecker v. Deere & Co.*, 556 F.3d 575, 588 (7th Cir. 2009)). Because the Plaintiff's Charge of Discrimination [ECF No. 6-2] is referenced in the Complaint and is central to the Plaintiff's claim, the Court will consider it in conjunction with the pleadings. *See, e.g.*, *Medrano v. Cnty. of Lake, Ind.*, Civil Action No. 2:13-CV-383 JVB, 2014 WL 2694222, at *2 n.2 (N.D. Ind. June 13, 2014) (considering the plaintiff's EEOC Charge of Discrimination without converting the Rule 12(b)(6) motion under Rule 12(d)).

## DISCUSSION

"In general, a person wishing to sue for unlawful discrimination under the ADEA and Title VII must first exhaust administrative remedies by filing a timely charge of discrimination

with the EEOC." *Wierciszewski v. Granite City Ill. Hosp. Co.*, Civil No. 11–120–GPM, 2011 WL 1615191, at *2 (S.D. Ill. Apr. 28, 2011) (citing *Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 920 (7th Cir. 2000) and *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994)). Exhaustion of administrative remedies through the filing of an EEOC charge "serves the dual purpose of affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion" and "giving the employe[r] some warning of the conduct about which the employee is aggrieved." *Cheek*, 31 F.3d at 500; *see also Miller v. Am. Airlines, Inc.* 525 F.3d 520, 525 (7th Cir. 2008) (ADEA case). Ordinarily, a party not named in an EEOC charge may not be sued. *See Eggleston v. Chi. Journeymen Plumber's Local Union No. 130, U.A.*, 657 F.2d 890, 905 (7th Cir. 1981). However, an exception is recognized "where an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1089 (7th Cir. 2008) (quoting *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989)).

In his brief, the Plaintiff does not dispute that Caterpillar is the only named party in his EEOC Charge of Discrimination. Instead, he argues that both Caterpillar and EA Staffing were named in his EEOC intake questionnaire, dated August 13, 2015; and that the EEOC, in drafting the Charge of Discrimination, only included Caterpillar as an offending party. The Plaintiff argues that, pursuant to *Federal Express Corp. v. Holowecki*, 552 U.S. 389 (2008), his intake questionnaire may be construed as a "charge," thus satisfying the exhaustion requirement. (Resp. 2–4.)

EA Staffing counters that, pursuant to *Novitsky v. American Consulting Engineers, L.L.C.*, 196 F.3d 699 (7th Cir. 1999)—a pre-*Holowecki* case—any difference between the intake

4

questionnaire and the charge of discrimination is immaterial, because "it is the charge and not the questionnaire that defines the scope of the plaintiff's claim." (Reply. 2–3); *but see Swearnigen–El v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 852, 865 (7th Cir. 2010) (maintaining that, despite *Novitsky*, "'[a]llegations outside the body of the charge may be considered when it is clear that the charging party intended the agency to investigate the allegations.'") (quoting *Vela v. Vill. of Sauk Vill.*, 218 F.3d 661, 664 (7th Cir. 2000)).

Notwithstanding the parties' arguments, the Court cannot determine whether the Plaintiff's intake questionnaire satisfies the exhaustion requirement because the Plaintiff has neither attached the questionnaire to his Complaint, nor referenced the questionnaire in his Complaint. *See Help at Home, Inc., v. Med. Capital, L.L.C.*, 260 F.3d 748, 752–53 (7th Cir. 2001) (finding that a plaintiff may add facts "by affidavit or brief in order to defeat a motion to dismiss if the facts are consistent with the allegations of the complaint."); *see also Scott v. City of Kewanee*, Case No. 1:13–cv–01292–SLD, 2014 WL 1302025, at *4 (N.D. Ill. Mar. 28, 2014). Therefore, the Court's inquiry is limited to whether the Plaintiff's Charge of Discrimination—which only names Caterpillar as an offending party—provides adequate notice to EA Staffing.[2] *Tamayo*, 526 F.3d at 1074. Because the Charge of Discrimination includes only two references to EA staffing, (*see* ECF No. 6-2 ("EA Staffing Associate Mark Stayer, assigned me to Caterpillar Logistics as a production Associate" and "EA Staffing Associate, John Preston, ended my assignment allegedly stating that I wasn't a good fit.")), and does not even meaningfully suggest a discriminatory action on the part of EA Staffing, the Court finds that it fails to provide EA Staffing with adequate notice that the Plaintiff intended to bring ADEA and

---

[2] In his briefing, the Plaintiff does not contest whether the Charge of Discrimination [ECF No. 6-2] provided adequate notice to EA Staffing.

5

Title VII charges against it. *Cf. Uhlman v. Panares*, Cause No. 2:07-CV-405-TS, 2009 WL 799536, at *3–4 (N.D. Ind. Mar. 24, 2009) (finding that the plaintiff's charge of discrimination "would most likely qualify" as adequate notice because the plaintiff "specifically points to the [discriminatory] actions" of the unnamed party). Thus, based on the Plaintiff's Charge of Discrimination, the Plaintiff has failed to exhaust his administrative remedies.

Accordingly, Counts I, II, and IV against EA Staffing will be <u>dismissed without prejudice, with leave to refile an amended complaint—if the Plaintiff so chooses—within 14 days of the date of this Order</u>. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) ("District courts routinely do not terminate a case at the same time that they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her complaint."); *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (stating that the general rule is that "the district court should grant leave to amend after granting a motion to dismiss").

## CONCLUSION

For the foregoing reasons, Defendant EA Staffing's Motion to Dismiss [ECF No. 6] is GRANTED. Counts I, II, and IV against EA Staffing are DISMISSED WITHOUT PREJUDICE, with leave to refile within 14 days of the date of this Order.

SO ORDERED on April 19, 2016.

                                                              s/ Theresa L. Springmann  
                                                              THERESA L. SPRINGMANN  
                                                              UNITED STATES DISTRICT COURT